4/19/21

CLERK, U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CS _____ DEPUTY

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

Central District of California  ▾

Western Division

| | |
|---|---|
| George Burditt | Case No. CV21-3386-AB(DFM) |
| Plaintiff(s) | *(to be filled in by the Clerk's Office)* |

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Eric Nasarenko, as District Attorney for the County of Ventura et al
see attached

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)*  ☐ Yes  ☑ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | George Burditt |
| Address | 411 W 600 North |
| | St. George   UT   84770 |
| | *City*   *State*   *Zip Code* |
| County | Washington |
| Telephone Number | 805-689-7811 |
| E-Mail Address | gburditt36@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Eric Nasarenko |
| Job or Title *(if known)* | Ventura County District Attorney |
| Address | 5720 Ralston St. Unit 300 |
| | Ventura   CA   93003 |
| | *City*   *State*   *Zip Code* |
| County | Ventura |
| Telephone Number | 805-662-1750 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | William Ayub |
| Job or Title *(if known)* | Ventura County Sheriff |
| Address | 800 S. Victoria Ave. |
| | Ventura   CA   93009 |
| | *City*   *State*   *Zip Code* |
| County | Ventura |
| Telephone Number | 805-654-9511 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Jaime Alvarado |
| Job or Title *(if known)* | Probation Officer |
| Address | 3855 Alamo St. #F |
| | Simi Valley     CA     93063 |
| | *City*     *State*     *Zip Code* |
| County | Ventura |
| Telephone Number | 805-582-8032 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Don Douglass |
| Job or Title *(if known)* | Probation Officer |
| Address | 3855 Alamo St.  #F |
| | Simi Valley     CA     93063 |
| | *City*     *State*     *Zip Code* |
| County | Ventura |
| Telephone Number | 805-582-8005 |
| E-Mail Address *(if known)* | donald.douglass@ventura.org |

☐ Individual capacity     ☑ Official capacity

II.    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? see attached

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
see attached

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
Premier Inn, 2434 W. Hillcrest Dr., Newbury Park, CA 91320, room 117

B.    What date and approximate time did the events giving rise to your claim(s) occur?
12/19/2018 16:59 and 12/29/2018 14:19

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
see attached

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff was sentenced to ninety (90) days in Ventura County jail for something that can be proven that he did not do.  During this time Plaintiff lost his freedom and his ability to earn money.  He also lost a potential contract in Las Vegas and needed to hire several people to take care of his obligations.  Plaintiff also incurred legal fees at the time he was charged as well as additional legal fees that were necessary when he applied for early termination of his probation.  Plaintiff is seeking reimbursement and compensatory damages along with punitive damages for Defendants' willful actions.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff is asking for compensatory damages of $50,000 along with punitive damages of $2,400,000 for Defendants' willful actions to be proven at trial.  Compensatory damages are for lost revenue and additional expenses that were incurred, including legal fees, care for his dog, his car and his property and taking care of his financial obligations.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          04/15/2021

Signature of Plaintiff

Printed Name of Plaintiff    George Burditt

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Response to IIB:

Violation of Civil Rights under 42 USC 1983
        Malicious Prosecution/Abuse of Process
        False Imprisonment/Wrongful Detention Under Color of Law
Violation of Civil Rights under 18 USC 1001
        Knowingly Presenting False Claims Material to Prosecution

Response to II D:

VIOLATION OF CIVIL RIGHTS UNDER 42 USC 1983

Malicious Prosecution / Abuse of Process

    The Ventura County Probation Department charged the Plaintiff with a Violation of Probation for accessing certain social media.  As the terms of Plaintiff's Probation, he was forbidden from accessing social media such as Facebook. During a Probation Check of the Plaintiff, Probation took possession of Plaintiff's cellphone.  It is believed that Probation then accessed the Facebook App on the cellphone to determine whether Plaintiff had used the App or had a user name and/or password programmed into the cellphone. Probation subsequently accused the Plaintiff at a later time of accessing Facebook through a report generated by the company RemoteCom, who is employed to monitor cellphones and reporting which applications are accessed, said report being generated at the request of the Probation Department. The offending device (cellphone) at the time of the violation was in the control and dominion of  law enforcement at the time when they accused Plaintiff of accessing social media.   Probation did not present evidence as to the time of the violation to the Court nor did the Probation Department disclose that the social media access was performed by Probation as part of their Probation Check of Mr. Burdiit (Exhibits 5, 6, 7)

    The Specific elements of USC section 1983 that pertain to this claim:

        (1) Mr. Burditt was prosecuted for a criminal offense by the Ventura County District Attorney – Violation of Probation
        (2) Instigated without probable cause as to who accessed the device
        (3) Instigated prosecution with malice as they knew or should have known that the device was in their possession at the time of access
        (4) Ventura County proceeded under a valid Probation Search
        (5) Ventura County did not disclose their offending actions which
        (6) Has damaged the Plaintiff due to being wrongfully incarcerated for 90 days

Attachment to Pleading Plaintiff Burditt  - 1

<u>False Imprisonment/Wrongful Detention under Color of Law</u>

Specifically,

(1) the Ventura County Probation and District Attorney willfully acted to incarcerate the Plaintiff for ninety (90) days on a charge for which they knew or should have known to be false, as Probation had possession of the device at the time of social media access.. (Exhibits 2, 3)

(2) The Defendant acted with intent to confine the Plaintiff without Plaintiff's consent and without authority of law.

(3) The Defendant's knowingly false statements of Plaintiff's access to social media caused the Plaintiff's confinement. (Exhibits 1, 2, 3, 8, 9)

(4) The Plaintiff is aware of his confinement.

VIOLATION OF CIVIL RIGHTS UNDER 18 USC 1001

<u>Knowingly Presenting False Claims Material to Prosecution</u>

The Ventura County Probation Department charged the Plaintiff with a Violation of Probation for accessing certain social media. As the terms of Plaintiff's Probation, he was forbidden from accessing social media such as Facebook. During a Probation Check of the Plaintiff, Probation took possession of Plaintiff's cellphone. It is believed that Probation then accessed the Facebook App on the cellphone to determine whether Plaintiff had used the App or had a user name and/or password programmed into the cellphone. Probation subsequently accused the Plaintiff at a later time of accessing Facebook through a report generated by the company RemoteCom, who is employed to monitor cellphones and reporting which applications are accessed, said report being generated at the request of the Probation Department. Probation subsequently accused the Plaintiff at a later time of accessing Facebook. The offending device (cellphone) at the time of the violation was in the control and dominion of law enforcement at the time when they accused Plaintiff of accessing social media. Probation did not present evidence as to the time of the violation to the Court nor did the Probation Department disclose that the social media access was performed by Probation as part of their Probation Check of Mr. Burditt (Exhibits 5, 6, 7). Mr. Burditt specifically asked the Probation Department to turn over their records of the social media access at Court but refused to comply.

The Specific elements of USC section 1001 that pertain to this claim:

(1) The Probation Department willfully misrepresented to the Court that the Plaintiff had accessed social media when they clearly were the entity that was accessing the social media. (Exhibits 4, 5, 6, 7)

Attachment to Pleading Plaintiff Burditt  - 2

(2) The Probation Department further refused to provide the account, user name or content that was accessed. (Exhibit 8)

(3) After Plaintiff's release from his improper incarceration, he was able to discover that Probation knowingly, willfully and with intent, falsely accused him when they should have known that law enforcement was in possession and control of his cellphone when the access allegedly occurred. (Exhibits 4, 5, 6, 7)

Response to III C:

- On 5/21/2019, Plaintiff was found guilty of violating the "no social media" term of his probation (Exhibits 1, 9) and sentenced to 90 days in Ventura County jail. Because of his work, Plaintiff had permission for internet access but no permission to access social media.
- Report from RemoteCom (Exhibit 2) claims that Plaintiff accessed Facebook 4 times for an average of 21 seconds each and Kik 4 times for an average of 20 seconds each.
- Plaintiff has never had an account with either Facebook or Kik under either of his current email addresses (Exhibit 3)
- On at least two of the occasions that Facebook or Kik was accessed on Plaintiff's phone, Plaintiff's phone was in the custody of Ventura County law enforcement (Exhibits 4, 5, 6 7).
- Plaintiff tried, on numerous occasions, to get additional evidence from his Probation officer on the specific hits on social media but was told each time that the report from RemoteCom (Exhibit 2) was the only information that they had and there was no additional information (Exhibit 8).

Plaintiff's complaint is against:

- RemoteCom for providing information to his Probation Officer that was misleading
- His Probation Officer(s) for failing to verify the information before pressing charges
- The District Attorney for prosecuting him on false evidence
- His attorney for failing to research his claim that he had not accessed social media

Additional defendants:

Danielle Tamir
Lessem, Newstat & Tooson, LLP
770 County Square Dr.
Suite 103
Ventura, CA 93003
Ventura County
805-727-4627
email: Danielle@lnlegal.com

RemoteCOM
2251 Double Creek Dr
# 404
Round Rock, TX 78664
Williamson County
(866) 776-0731

## Explanation of attached exhibits

Exhibit 1        Notice of charged violations of Probation and Declaration re: Probable Cause

Exhibit 2        RemoteCom report that was submitted to Probation Officer re: Facebook/Kik/WhatsApp incidents

Exhibit 3        Facebook and Kik pages that appear when trying to change the password for any of the Plaintiff's emails or cell numbers

Exhibit 4        Premier Inn guest ledger that shows that Plaintiff was in room 117 on the dates referenced in police reports

Exhibit 5        Summary of police activity at Premier Inn for month of December 2018

Exhibit 6        Detail of police activity in Premier Inn room 117 on December 19 2018

Exhibit 7        Detail of police activity in Premier Inn room 117 on December 29 2018

Exhibit 8        Email exchange between Plaintiff and Probation Officer that took place on July 29 2020

Exhibit 9        Terms and conditions of Plaintiff's probation re: social media.  Text is re-typed below the screen shot for legibility

# Exhibit 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF VENTURA

COURTROOM 12

| | |
|---|---|
| The People of the State of California<br><br>                     Plaintiff,<br><br>vs.<br><br>GEORGE MILLER BURDITT<br><br>PN: 4947085           Defendant | No. 2015010452      Felony<br><br><br>NOTICE OF CHARGED VIOLATIONS OF PROBATION AND DECLARATION RE: PROBABLE CAUSE<br><br>Hearing Date:    March 26, 2019<br>                    9:00 a.m. |

The defendant is notified that he is charged with the violations of probation as follows; and the undersigned, for the purpose of establishing probable cause to hold the defendant in custody, declares as follows:

The defendant was convicted of violating Sections 288a(b)(1) and 289(h) of the Penal Code, and on 6-13-16, he was placed on probation for a period of 60 months. The natural expiration date is 6-12-21.

__X__ The defendant failed to comply with the following terms:

    __X__ Term #PACMP9: "You shall not knowingly access social networking sites including, but not limited to Facebook or MySpace over the Internet, even if you are allowed to access the Internet for work, volunteer service or school purposes." On 10-3-18, the defendant was given permission to access the internet, with the understanding that he would have to install RemoteCom internet monitoring services on the electronic devices that he chose to use. Use of any other devices would be a violation of his probation terms and conditions. The defendant chose to have a laptop computer and a smartphone monitored by RemoteCom. During the registration process, the defendant acknowledged the terms and conditions provided by RemoteCom and was explicitly told that his existing probation terms and conditions were still in full force and effect.

    On 12-29-18, the defendant downloaded an unmonitored "texting" application, "WhatsApp," on his cell phone. A RemoteCom representative confirmed that the defendant had downloaded the application and that he had accessed two social media applications, Facebook on 11-8-18 and 11-11-18 and "Kik" on 11-15-18.

    On 1-15-19, during a scheduled probation appointment, the defendant was questioned about his activity on social media. He acknowledged downloading the "WhatsApp" application but denied any use of it. Further, he acknowledged

having the Facebook and Kik applications on his phone but stated that they were downloaded to his phone prior to him being placed on probation in the present matter. He did not recall accessing them in November 2018. At the time, the defendant was advised that the violation would be held in abeyance pending the results of the forensic examination of his other devices.

 X  Term #PANPS: "... You must provide up to date passwords, encryption keys, dongles or other information necessary to access data, to your probation officer, in advance of security measures being installed on your computer or other device..." On 11-20-18, during a probation search of the defendant's vehicle, an unauthorized cell phone and three USB flash drives were found. At the time, the defendant stated that the cell phone was his "burner" phone and that he used it to call and text people that he did not want his ex-wife to know about. He further stated that the flash drives were used in association with his book writing. All the devices were confiscated and were to be examined by the County's High-Tech Task Force Team (SCHTTF).

Since that time, SCHTTF Investigator Kimberly Michael reported that one of the flash drives was encrypted (password protected) and that the multiple passwords provided by the defendant were not successful in allowing access to the content of the flash drive. On 1-16-19, Investigator Michael reported that the unknown password was deciphered using a forensic computer application. Once accessed, the flash drive was found to contain an image of an erect penis from an unknown male standing in a bathtub. Additionally, Investigator Michael reported that eight versions of the same document were found on the flash drive. The document, 1,062 pages in length, proved to be a compilation of several sexually-graphic "fantasy" stories. These stories reflected deviant sexual fantasies of group sex, incest, child molestation, and rape.

On 1-30-19, during a regularly scheduled probation appointment, the defendant was questioned about the content of the above described flash drive. He denied any knowledge of the content. Then, he suggested that his ex-wife, Sherry Collisi, had "planted" the flash drive in his vehicle and wanted him to get into trouble for possessing it. He had no explanation as to why it was found in his vehicle, with a password that he had not provided to Probation. It should be noted that flash drives have regularly been found during room and vehicle searches of the defendant and on his person during probation office appointments, which the defendant has claimed knowledge and ownership of.

 X  The defendant was notified of this hearing:

     X  In person, on 3-11-19.

 X  Recommended disposition attached.

ADDITIONAL INFORMATION:

As described above, the defendant is allowed internet access, but only with RemoteCom internet monitoring software installed on permitted devices. On 12-28-18, during a routine

*Burditt, George Miller*
*Case 2015010452*

Page 2

review of his cell phone usage and activity, it was discovered that the defendant was engaging in a sexually-graphic text conversation with a male subject known as "TomOC." The text thread continued over the next two weeks, during which time the defendant and "TomOC" discussed the seduction of "TomOC's" wife by the defendant, when and where the parties would meet, as well as the "dominant and subservient" roles that were to be "played" between the three of them.

The last text between the defendant and "TomOC" took place on 1-8-19, in which the defendant inquired if there was any progress on rescheduling their prior in-person meet-and-greet. The defendant related that he would be out of town (he had been in Utah at this time) and suggested "meeting up" when he got back. "TomOC" responded in the affirmative.

On 1-15-19, the defendant appeared for his scheduled probation appointment and was confronted with the above information. The defendant acknowledged the above contact with "TomOC", but claimed that he was just "playing along." He related that he receives unsolicited calls/texts approximately once per month and believes that it is because of his status of being a sex offender. He is curious as to the intentions of these individuals, so he "plays along" with the calls/texts to determine the individuals' motives for contacting him.

On 2-13-19, during another scheduled probation appointment, the defendant divulged a text message that he received from an unknown number to him from a woman calling herself "Kelly", who was soliciting "Tom" for a "no-strings-attached hookup." The defendant claims that he did not respond to it, but wanted Probation to know about it.

OUT OF STATE TRAVEL:

Throughout his term of probation, the defendant has been granted great leeway in traveling back and forth to St. George, Utah. During the early part of his probation supervision, he was pending an ICOTS transfer to Utah, was married to Sherry Collisi, and maintained a residence in St. George. Once his ICOTS transfer was denied by the State of Utah, Probation recommended that the defendant's ability to travel back and forth to Utah be rescinded. However, on 1-12-18, the Court continued to allow the defendant to travel to Utah for up to 14 days at a time, with unlimited visits, to care for his wife and her medical needs.

Then, in June 2018, the defendant and Ms. Collisi divorced. Per the couple's divorce agreement, Ms. Collisi would remain in the defendant's home and the defendant would no longer be obligated to attend to her medical needs. Nonetheless, the defendant continued to travel to Utah in order to address matters associated with his residence. During this time, the couple's relationship grew more and more hostile.

In November 2018, the defendant and Ms. Collisi were involved in a domestic incident, which led to the arrest of the defendant for domestic assault. In a subsequent Notice of Charges (NOC), dated 11-26-18, it was again recommended that the defendant's permission to travel to Utah be rescinded. On 12-17-18, the defendant's permission to travel to Utah was terminated by the Court "without prejudice for further review."

*Burditt, George Miller*
*Case 2015010452*                                                                 *Page 3*

Since then, the defendant has been granted permission to travel to Utah three additional times, seemingly to address "legal matters" associated with his pending criminal case. The first two trips consisted of 7 days each and the most recent trip consisted of 10 days. During those trips, Probation has required the defendant to wear a GPS unit to track his whereabouts while he was outside of Ventura County. During his most recent visit to Utah, the defendant's GPS activity was reviewed upon his return. During the ten day visit to Utah, the defendant met with his attorney, Kenneth Coombs, on one occasion, visited the 5th District Courthouse on two occasions, visited the St. George Police Department on two occasions, and visited his residence on one occasion. In total, the time spent on these activities was approximately two hours. Per the defendant and review of his GPS activity, the remainder of his time was spent visiting with friends, shopping, hiking, attendance at a local sports bar, frequenting multiple motels for short periods of time, and visiting a storage facility on eight separate occasions.

Lastly, to best show the defendant's manipulation of the Court's generosity, he appeared before the Court on 3-20-19 to request additional travel to the State of Utah. The Court subsequently granted the defendant another 11 days to travel to and from Utah for "legal matters." He did this despite knowing that he was directed to appear before the Court for a violation of probation on 3-26-19. He knew that Probation would be further recommending restrictions with regard to his travels to the State of Utah, based on the information in the above paragraph.

SEX OFFENDER TREATMENT:

On 10-26-16, the defendant began sex offender treatment with Dr. Mark Stahlhuth. He has attended regularly, has participated in group sessions as expected, submitted to polygraph examinations, and is current with his treatment fees. Dr. Stahlhuth has reported positive progress with the defendant. However, due to recent events, Dr. Stahlhuth has increased his treatment sessions from every other week sessions to weekly sessions, in an attempt to address the aforementioned issues within the treatment realm.

In conjunction with his treatment, the defendant has undergone 3 polygraph examinations, with mixed results. On 5-2-17, the defendant had a "Significant Reactions" result, or untruthful, when asked if he had violated any of his computer/IT restrictions. The defendant stated that he was thinking of those instances when he had accessed the internet to view news/sporting events. On 12-11-17, the defendant had a "No Significant Reactions" result, or truthful. On 8-3-18, the defendant took his third, and most recent polygraph examination, which had an "Inconclusive" result. Again, the defendant registered "elevated physiological reactions" when asked if he had violated any of his computer/IT restrictions. However, the "physiological reactions" did not meet the criteria to be considered "significant." The defendant had no explanation for his elevated "physiological reactions" to this question and affirmed that he was not violating any of his computer/IT restrictions.

ORAS ASSESSMENT/CASE PLAN:

On 8-28-18, an ORAS screening was completed for the defendant. His overall score was Low to reoffend in the community. His Risk/Needs Factors are listed below:

| Risk/Need Factors | Risk Level |
|---|---|
| Criminal History | Low |
| Education, Employment & Finances | Low |
| Family & Social Support | Moderate |
| Neighborhood Problems | Low |
| Substance Abuse & Mental Health | Low |
| Peer Association | Low |
| Anti-social Thinking | Low |

PROGRESS ON PROBATION/ SUMMARY OF PRIOR GRADUATED RESPONSES:

X  To date, the defendant has been returned to court on one occasion. The violations included failure to obey all laws, possession of unapproved electronic/storage media devices, and traveling outside the parameters set forth by the Court.

Intermediate Sanctions utilized prior to incarceration:
X Increased reporting frequency
X Use of GPS

The defendant has been referred to the following services by Probation:
X Sex Offender Treatment
X RemoteCom Internet Monitoring Services

EVALUATION:

Since the defendant's last violation of probation, he continues to violate his terms and conditions of probation and behaves in a way that is not conducive to satisfactory progress in sex offender treatment. He is well aware of his probation expectations, yet he continues to involve himself in deviant sexual behavior that is contrary to the progress expected from someone almost 3 years into formal probation supervision.

While he will continue to work on his deviant sexual thoughts and behavior in the treatment realm, Probation believes that the defendant's deceptive behavior and continued violations of probation warrant a reasonable custody sanction as well. It is also recommended that the defendant's computer devices and smartphone use be further restricted.

With regard to travel, the defendant's ability to travel back and forth to Utah should be further scrutinized by the Court. There is no articulable reason for the defendant to be allowed to continue to travel outside Ventura County for the length of time that he requests to address "legal matters" in Utah when his activity does not justify it. Most of his "legal matters" can be addressed via phone, email, or standard mail within Ventura County, rather than in-person by traveling to Utah. In the event that the defendant is required to travel to Utah for scheduled court hearings, the defendant's authorization should be limited to no

Burditt, George Miller
Case 2015010452

more than 3 days at a time, with proof of scheduled court hearings being provided to Probation by the defendant. This time frame would include 2 days for travel to and from Utah and 1 day for the scheduled court hearing, including a mandate of wearing a GPS unit as determined by Probation.

In making this declaration, the probation officer has relied upon the following sources of information:

| X | Official Records | ___ | Police reports |
| X | Records of the probation office | ___ | Interview with witness |
| ___ | Information supplied by other probation officers | X | Personal knowledge |

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief. Executed on this 22nd day of March, 2019, at Simi Valley, California.

Respectfully submitted,

Mark Varela
Director/Chief Probation Officer
Ventura County Probation Agency

By: Don Douglass
Deputy Probation Officer
(805) 582-8005

THE WITHIN AND FOREGOING REPORT OF THE PROBATION OFFICER HAS BEEN READ AND CONSIDERED BY ME THIS

_____ DAY OF _____, 20___.

_____
JUDGE OF SUPERIOR COURT

*Burditt, George Miller*
*Case 2015010452*

Page 6

NOC ATTACHMENT
RECOMMENDED DISPOSITION

GEORGE MILLER BURDITT, Defendant

RECOMMENDATION:

Should the defendant be found in violation of probation and the Court and respective parties wish to proceed to disposition at this time, it is respectfully recommended that:

X   Probation be revoked, reinstated, and modified as follows:

    X   The defendant shall serve <u>90</u> days in the Ventura County Jail, with credit for time served of <u>0</u> actual days.

    X   The defendant shall waive credits in excess of 365 days.

X   The following attached term be added:

    **PAPS**    The defendant shall not install any applications on his computer devices, including smartphone, without the prior approval of the probation officer.

*Burditt, George Miller*
*Case 2015010452*

Page 7

Respectfully submitted,

Mark Varela
Director/Chief Probation Officer
Ventura County Probation Agency

_____
Don Douglass
Deputy Probation Officer
(805) 582-8005

| WITNESS LIST | WILL TESTIFY TO |
| --- | --- |
| Don Douglass<br>Deputy Probation Officer<br>Ventura County Probation Agency<br>805-582-8005 | Allegations in NOC |
| Kimberly Michael<br>District Attorney Investigator III<br>Southern California High Tech<br>Task Force<br>805-383-7496 | Forensic examination of defendant's storage media devices. |
| Dean Friedrich<br>Director of Operations<br>RemoteCom<br>866-776-0731 | Accessing of social media applications on defendant's computer/smartphone devices. |

*Burditt, George Miller*
*Case 2015010452*

Page 9

Exhibit 2



# All Data Types Report
## Detail

**Report Criteria:**

- Date Range: 10/1/2018 to 4/29/2019
- Departments: All
- Computers: Burditt-G (MA)
- Users: All
- Categorized: All

**Report Results:**

- Program Matches: 13
- Email Matches: 0
- Instant Message Matches: 0
- Keystroke Matches: 0
- Screenshot Matches: 5
- Website Matches: 7
- Call Matches: 0
- Policy Violation Matches: 0
- SMS Matches: 42
- Photo Matches: 3
- Printed Documents Matches: 0
- Logon Event Matches: 0
- File Tracking Matches: 0
- Executed At: 4/29/2019 2:45:54 PM

| Program: | WhatsApp | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/30/2018 2:23:06 AM | Device: | Burditt-G (MA) |
| Closed: | 12/30/2018 2:23:06 AM | User: | Default |
| Window Title | | | Activity Duration |

| Program: | WhatsApp | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 6:25:42 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 6:25:46 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 3 sec |

| Program: | WhatsApp | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 6:24:51 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 6:25:26 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 34 sec |

| Program: | WhatsApp | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 6:24:23 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 6:24:29 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 5 sec |

| Program: | WhatsApp | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 6:23:32 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 6:24:18 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 45 sec |

| Program: | Facebook | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 3:10:15 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 3:10:22 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 7 sec |

| Program: | Facebook | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/29/2018 2:19:14 PM | Device: | Burditt-G (MA) |
| Closed: | 12/29/2018 2:19:35 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 21 sec |

| Program: | Kik | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/27/2018 12:46:13 PM | Device: | Burditt-G (MA) |
| Closed: | 12/27/2018 12:46:22 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 9 sec |

| Program: | Kik | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/19/2018 4:58:57 PM | Device: | Burditt-G (MA) |
| Closed: | 12/19/2018 4:59:05 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 7 sec |

| Program: | Kik | Department: | Unknown |
|---|---|---|---|
| Opened: | 12/19/2018 12:50:47 PM | Device: | Burditt-G (MA) |
| Closed: | 12/19/2018 12:51:01 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 14 sec |

| Program: | Kik | Department: | Unknown |
|---|---|---|---|
| Opened: | 11/15/2018 3:28:21 PM | Device: | Burditt-G (MA) |
| Closed: | 11/15/2018 3:29:13 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 51 sec |

| Program: | Facebook | Department: | Unknown |
|---|---|---|---|
| Opened: | 11/11/2018 6:32:58 AM | Device: | Burditt-G (MA) |
| Closed: | 11/11/2018 6:33:41 AM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 43 sec |

| | | | |
|---|---|---|---|
| Program: | Facebook | Department: | Unknown |
| Opened: | 11/8/2018 8:22:29 PM | Device: | Burditt-G (MA) |
| Closed: | 11/8/2018 8:22:35 PM | User: | Default |
| Window Title | | | Activity Duration |
| Title not available | | | 5 sec |

Continue to report (3 of 22)

Exhibit 3









## Reset Password

Enter your username or email to recover your Kik account. You will be sent a link which you can use to change your password

*Enter your username or email...*


Go!

Sorry! The username or email you entered 'Gburditt36@gmail.com' is invalid.

Please enter a valid username or email.

 



# kik·

## Reset Password

Enter your username or email to recover your Kik account. You will be sent a link which you can use to change your password

Enter your username or email



Go!

Sorry! The username or email you entered 'Wtfmoviebook@gmail.com' is invalid.

Please enter a valid username or email.

# Exhibit 4

## *Premier Inns Thousand Oaks*

2434 W. Hillcrest Drive
Newbury Park, CA  91320
PH. 805-499-0755 / Fax 805-499-2377
www.premierinns.com

Page 1 of 3

**George Burditt**
**411 W 600 N**
**St George, UT 84770**

| Room | Folio | Checkin | CheckOut | Balance |
|------|-------|---------|----------|---------|
| (117) | 321689 | 12/19/2018 | 01/05/2019 | 0.00 |
| Master Folio | | | Daily Rack Rate | |

| Date | Room | Description / Voucher | Charges | Credits | Balance |
|------|------|------------------------|---------|---------|---------|
| 12/19/2018 | 117 | Visa/Mastercard - ...7761  AP: 089629 | 0.00 | 448.30 | -448.30 |
| 12/19/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -392.51 |
| 12/19/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -386.93 |
| 12/19/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -385.81 |
| 12/19/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -385.70 |
| 12/20/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -329.91 |
| 12/20/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -324.33 |
| 12/20/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -323.21 |
| 12/20/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -323.10 |
| 12/21/2018 | 117 | Room Taxable - 10.00% discount (6.70) | 60.29 | 0.00 | -262.81 |
| 12/21/2018 | 117 | Transient Tax - 10% | 6.03 | 0.00 | -256.78 |
| 12/21/2018 | 117 | TBID Assessment - 2% | 1.21 | 0.00 | -255.57 |
| 12/21/2018 | 117 | CA Tourism Assessment - 0.195% | 0.12 | 0.00 | -255.45 |
| 12/22/2018 | 117 | Room Taxable - 10.00% discount (6.70) | 60.29 | 0.00 | -195.16 |
| 12/22/2018 | 117 | Transient Tax - 10% | 6.03 | 0.00 | -189.13 |
| 12/22/2018 | 117 | TBID Assessment - 2% | 1.21 | 0.00 | -187.92 |
| 12/22/2018 | 117 | CA Tourism Assessment - 0.195% | 0.12 | 0.00 | -187.80 |
| 12/23/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -132.01 |
| 12/23/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -126.43 |
| 12/23/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -125.31 |
| 12/23/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -125.20 |
| 12/24/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -69.41 |
| 12/24/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -63.83 |
| 12/24/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -62.71 |
| 12/24/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -62.60 |
| 12/25/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -6.81 |
| 12/25/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -1.23 |
| 12/25/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -0.11 |
| 12/25/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | 0.00 |
| 12/26/2018 | 117 | Visa/Mastercard - ...7761  AP: 055501 | 0.00 | 448.30 | -448.30 |
| 12/26/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -392.51 |
| 12/26/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -386.93 |
| 12/26/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -385.81 |
| 12/26/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -385.70 |
| 12/27/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -329.91 |
| 12/27/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -324.33 |
| 12/27/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -323.21 |
| 12/27/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -323.10 |

DW
07/17/2020    12:41 PM

*Thank you for staying with us!*

## Premier Inns Thousand Oaks

Page 2 of 3

2434 W. Hillcrest Drive
Newbury Park, CA  91320
PH. 805-499-0755 / Fax 805-499-2377
www.premierinns.com

**George Burditt**
411 W 600 N
St George, UT 84770

| | Room | Folio | Checkin | CheckOut | Balance |
|---|---|---|---|---|---|
| | (117) | 321689 | 12/19/2018 | 01/05/2019 | 0.00 |
| | | Master Folio | | Daily Rack Rate | |

| Date | Room | Description / Voucher | Charges | Credits | Balance |
|---|---|---|---|---|---|
| 12/28/2018 | 117 | Room Taxable - 10.00% discount (6.70) | 60.29 | 0.00 | -262.81 |
| 12/28/2018 | 117 | Transient Tax - 10% | 6.03 | 0.00 | -256.78 |
| 12/28/2018 | 117 | TBID Assessment - 2% | 1.21 | 0.00 | -255.57 |
| 12/28/2018 | 117 | CA Tourism Assessment - 0.195% | 0.12 | 0.00 | -255.45 |
| 12/29/2018 | 117 | Room Taxable - 10.00% discount (6.70) | 60.29 | 0.00 | -195.16 |
| 12/29/2018 | 117 | Transient Tax - 10% | 6.03 | 0.00 | -189.13 |
| 12/29/2018 | 117 | TBID Assessment - 2% | 1.21 | 0.00 | -187.92 |
| 12/29/2018 | 117 | CA Tourism Assessment - 0.195% | 0.12 | 0.00 | -187.80 |
| 12/30/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -132.01 |
| 12/30/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -126.43 |
| 12/30/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -125.31 |
| 12/30/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -125.20 |
| 12/31/2018 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -69.41 |
| 12/31/2018 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -63.83 |
| 12/31/2018 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -62.71 |
| 12/31/2018 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -62.60 |
| 01/01/2019 | 117 | Visa/Mastercard - ...7761  AP: 032956 | 0.00 | 192.85 | -255.45 |
| 01/01/2019 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -199.66 |
| 01/01/2019 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -194.08 |
| 01/01/2019 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -192.96 |
| 01/01/2019 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -192.85 |
| 01/02/2019 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -137.06 |
| 01/02/2019 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -131.48 |
| 01/02/2019 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -130.36 |
| 01/02/2019 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -130.25 |
| 01/03/2019 | 117 | Room Taxable - 10.00% discount (6.20) | 55.79 | 0.00 | -74.46 |
| 01/03/2019 | 117 | Transient Tax - 10% | 5.58 | 0.00 | -68.88 |
| 01/03/2019 | 117 | TBID Assessment - 2% | 1.12 | 0.00 | -67.76 |
| 01/03/2019 | 117 | CA Tourism Assessment - 0.195% | 0.11 | 0.00 | -67.65 |
| 01/04/2019 | 117 | Room Taxable - 10.00% discount (6.70) | 60.29 | 0.00 | -7.36 |
| 01/04/2019 | 117 | Transient Tax - 10% | 6.03 | 0.00 | -1.33 |
| 01/04/2019 | 117 | TBID Assessment - 2% | 1.21 | 0.00 | -0.12 |
| 01/04/2019 | 117 | CA Tourism Assessment - 0.195% | 0.12 | 0.00 | 0.00 |
| | | Balance Due | | | 0.00 |

**Summary and Taxes**

| | |
|---|---|
| Taxable Sales | 970.93 |
| Transient Tax - 10% | 97.11 |
| TBID Assessment - 2% | 19.49 |

OW
07/17/2020   12:41 PM

*Thank you for staying with us!*

Exhibit 5

## Calls for Service - Public Request Report

Case 2:21-cv-03386-AB-DFM   Document 1   Filed 04/19/21   Page 32 of 37   Page ID #:32

Ventura County Sheriff's Department
Calls for Service Report - Citizen Request

Jurisdiction:  Thousand Oaks

Date Range:  11/01/2018      to  12/31/2018

RD:

Event Location: 2434 HILLCREST

Event Address: 2434 W HILLCREST

Page 4 of 4

| Date: Time: | Event Location: City: | Disposition: Disposition Remarks: | Activity Code: | CFS ID: RB Number: |
|---|---|---|---|---|
| 12/19/2018 16:30:05 | 2434 West Hillcrest Drive #117 THOUSAND OAKS | Assignment  Completed | Probation Search | 180195938 180195938 |
| 12/21/2018 01:11:15 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Traffic Related | 180196754 180196754 |
| 12/22/2018 20:29:05 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Traffic Stop | 180197674 180197674 |
| 12/23/2018 11:13:09 | 2434 West HILLCREST Drive #252 Thousand Oaks | Advised | Suspicious Subject | 180197932 180197932 |
| 12/24/2018 05:03:01 | 2434 West HILLCREST Drive #127 Thousand Oaks | Assignment  Completed | Disturbance Party | 180198245 180198245 |
| 12/26/2018 20:02:43 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Busy | 180199365 180199365 |
| 12/27/2018 05:57:23 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Cruelty to Animals | 180199488 180199488 |
| 12/27/2018 20:21:00 | 2434 West Hillcrest Drive #213 Thousand Oaks | Assignment  Completed | Traffic Stop | 180199882 180199882 |
| 12/28/2018 01:36:00 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Disturbance Subject | 180199997 180199997 |
| 12/29/2018 14:06:50 | 2434 West Hillcrest Drive #117 THOUSAND OAKS | Assignment  Completed | Busy | 180200670 180200670 |
| 12/31/2018 15:36:11 | 2434 West HILLCREST Drive Thousand Oaks | Assignment  Completed | Traffic Stop | 180201568 180201568 |

In order to comply with California Government Code 6254(f)(1) the following activity codes may be redacted:  Child Crimes, Domestic Violence, Rape, Suicidal Subject, and Suicide.

# Exhibit 6

**Call Number: 180195938**

**Page 1 of 1**

## Calls for Service Summary

| | | |
|---|---|---|
| **E911:** | **E911 Service Class:** | **Call Nbr:** 180195938 |
| Initiate: 12/19/2018 16:30:05 | Disposition: Assignment  Completed | **RB Nbr:** |
| Entry: 12/19/2018 16:30:05 | Priority: 07 | Report Expected: |
| Dispatch: 12/19/2018 16:30:05 | Final Call Type: Probation Search | Report Received: |
| Arrival: 12/19/2018 16:30:05 | Original Call Type: | Total Dispatches: 1 |
| Cleared: 12/19/2018 17:20:13 | Source: | Total Followups: 0 |
| Hold: | Community Code:Thousand Oaks | Jurisdiction: Thousand Oaks |
| Last Updated: 12/19/2018 17:20:13 | Premise Hazard: | Primary Unit: PROB35 |

**Call Placed Location**

| | |
|---|---|
| Location: | City: |
| Common Place: | Map Coord X: |
| Beat:        RD: | Map Coord Y: |

**Response Location**

| | |
|---|---|
| Scene Location: 2434 West Hillcrest Drive  #117 | City: THOUSAND OAKS |
| Cross Street: | Map Coord X: |
| Common Place: in PREMIER INN | Map Coord Y: |
| Beat: 9H01        RD: 9126 | |

**Reporting Party:**

**Rp Address:**

**Rp Phone:** ( )  -

VENTURA COUNTY SHERIFF
EAST COUNTY RECORDS COPY
NOT TO BE DUPLICATED

| Status Date: | Status: | | Comments: |
|---|---|---|---|
| 12/19/2018 16:30:05 | Enroute | Enroute | |
| 12/19/2018 16:30:05 | Dispatched | Dispatched | |
| 12/19/2018 16:30:05 | Call Queued | Call Queued | |
| 12/19/2018 16:30:05 | Call Received Date | Call Received Date | |
| 12/19/2018 16:30:05 | Misc. Comment | Cleared by:CHANGED TO:A | |
| 12/19/2018 16:30:05 | Call Original Queued | Call Original Queued | |
| 12/19/2018 16:30:05 | Enroute | PROB35 Primary or Backup: P Unit Type: | |
| 12/19/2018 16:30:05 | On Scene | PROB35 Primary or Backup: P Unit Type: | |
| 12/19/2018 16:30:05 | Dispatched | PROB35 Primary or Backup: P Unit Type: | |
| 12/19/2018 17:20:13 | Clear | Clear | |
| 12/19/2018 17:20:13 | Close | Close | |
| 12/19/2018 17:20:13 | Call Last Updated | Call Last Updated | |
| 12/19/2018 17:20:13 | Revision History Comment | Call was CLEARED: | |
| 12/19/2018 17:20:13 | Revision History Comment | Cleared by:CHANGED TO:A | |
| 12/19/2018 17:20:13 | In Service | PROB35 Primary or Backup:  Unit Type: | |
| 12/19/2018 17:20:13 | Revision History Comment | Reporting Officer:CHANGED TO:VS108193 | |
| 12/19/2018 17:20:13 | Revision History Comment | Reporting Officer2:CHANGED TO:VS104822 | |

# Exhibit 7

**Call Number: 180200670**

Page 1 of 2

## Calls for Service Summary

| | | |
|---|---|---|
| **E911:** | **E911 Service Class:** | **Call Nbr:** 180200670 |
| Initiate: 12/29/2018 14:06:50 | Disposition: Assignment Completed | **RB Nbr:** 180200670 |
| Entry: 12/29/2018 14:06:50 | Priority: 09 | Report Expected: ☑ |
| Dispatch: 12/29/2018 14:06:51 | Final Call Type: Busy | Report Received: ☑ |
| Arrival: 12/29/2018 14:06:51 | Original Call Type: | Total Dispatches: 3 |
| Cleared: 12/29/2018 15:07:04 | Source: | Total Followups: 0 |
| Hold: | Community Code:Thousand Oaks | Jurisdiction: Thousand Oaks |
| Last Updated: 12/29/2018 15:07:04 | Premise Hazard: | Primary Unit: 4EK |

**Call Placed Location**

Location:                                                                    City:

Common Place:                                                      Map Coord X:

Beat:            RD:                                                Map Coord Y:

**Response Location**

Scene Location: 2434 West Hillcrest Drive #117                City: THOUSAND OAKS

Cross Street:                                                              Map Coord X:

Common Place: in PREMIER INN                               Map Coord Y:

Beat: 9H01        RD: 9126

Reporting Party:                    Rp Phone: ( )  -

Rp Address:

VENTURA COUNTY SHERIFF
EAST COUNTY RECORDS COPY
NOT TO BE DUPLICATED
TO: George Burditt
BY
DATE Comments:

| Status Date: | Status: | Comments: |
|---|---|---|
| 12/29/2018 14:06:50 | Call Queued | Call Queued |
| 12/29/2018 14:06:50 | Misc. Comment | Call was CLEARED: |
| 12/29/2018 14:06:50 | Call Received Date | Call Received Date |
| 12/29/2018 14:06:50 | Call Original Queued | Call Original Queued |
| 12/29/2018 14:06:51 | Enroute | Enroute |
| 12/29/2018 14:06:51 | Dispatched | Dispatched |
| 12/29/2018 14:06:51 | Enroute | 4EK Primary or Backup: P Unit Type: Canine |
| 12/29/2018 14:06:51 | On Scene | 4EK Primary or Backup: P Unit Type: Canine |
| 12/29/2018 14:06:51 | Dispatched | 4EK Primary or Backup: P Unit Type: Canine |
| 12/29/2018 14:07:13 | Enroute | 9G11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:13 | On Scene | 9G11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:13 | Enroute | 9B11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:13 | On Scene | 9B11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:13 | Dispatched | 9G11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:13 | Dispatched | 9B11 Primary or Backup: B Unit Type: Patrol - Deputy |
| 12/29/2018 14:07:32 | Revision History Comment | History viewed:VS18-195938 FROM VS18-200670 |
| 12/29/2018 14:11:39 | Misc. Comment | 9G11 !BURDITT.GEORGE..030652. |

**Call Number: 180200670**                                      Page 2 of 2

| Status Date: | Status: | Comments: |
|---|---|---|
| 12/29/2018 14:12:01 | Query | 9G11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:12:09 | Query | 9G11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:12:43 | Query | 9G11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:12:58 | Query | 9G11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:13:06 | Query | TYPE:Link DSYS:VCSO_VCIJISRMS |
| 12/29/2018 14:15:02 | Misc. Comment | |
| 12/29/2018 14:30:48 | On Scene | 4EK Primary or Backup:   Unit Type: Canine |
| 12/29/2018 14:30:58 | On Scene | 9B11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 14:31:15 | On Scene | 9G11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 14:31:29 | On Scene | 9G11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 14:40:08 | Misc. Comment | |
| 12/29/2018 14:40:37 | Query | 9B11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:40:58 | Query | 9B11 Rsp: [TOSTADO, CHRISTINA] |
| 12/29/2018 14:41:13 | Query | TYPE:Link DSYS:VCSO_VCIJISRMS |
| 12/29/2018 14:43:23 | Misc. Comment | |
| 12/29/2018 14:59:55 | Code 4 | 4EK Primary or Backup:   Unit Type: Canine |
| 12/29/2018 14:59:55 | Code 4 | 9G11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 14:59:55 | Code 4 | 9B11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 15:02:41 | In Service | 4EK Primary or Backup:   Unit Type: Canine |
| 12/29/2018 15:07:04 | Clear | Clear |
| 12/29/2018 15:07:04 | Close | Close |
| 12/29/2018 15:07:04 | Call Last Updated | Call Last Updated |
| 12/29/2018 15:07:04 | Misc. Comment | Disposition Text: |
| 12/29/2018 15:07:04 | Revision History Comment | Call was CLEARED: |
| 12/29/2018 15:07:04 | Revision History Comment | Report flag:N TO:Y |
| 12/29/2018 15:07:04 | Revision History Comment | Cleared by:CHANGED TO:A |
| 12/29/2018 15:07:04 | Revision History Comment | Reporting Officer:CHANGED TO:4808 |
| 12/29/2018 15:07:04 | In Service | 9G11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 15:07:04 | In Service | 9B11 Primary or Backup:   Unit Type: Patrol - Deputy |
| 12/29/2018 15:07:04 | Revision History Comment | Clear remarks |

# Exhibit 8

**George Burditt <gburditt36@gmail.com>** Jul 29, 2020, 3:03 PM

to Donald, bcc: Ken, bcc: Larissa, bcc: Andrea

Don -

I talked to RemoteCom to try to get their address so we can subpoena the details on the "violations" when I supposedly went onto Facebook et al. They said that they don't give out that information and that I would need to get it directly from your office. I know that in previous conversations you have said that the only piece of information you are going to provide on that topic is the report showing dates/times/durations. Is there really no way that we can get any detail to back up your claims? And if we file a subpoena should it go to your office?

Thanks.

George

**Douglass, Donald <Donald.Douglass@ventura.org>** Jul 30, 2020, 8:26 AM

to me

George,

Like I had explained before, the only report that exists, your previous attorney has a copy of. You can get that along report, along with the report that I wrote for the violation, through her. RemoteCom simply put the details of you accessing social media in their report, and I used that information to support the violation. It's as simple as that. There is no additional information about that topic that was not disclosed to the Court and attorneys. If you want to subpoena for the same information, I believe that you have to do that through our main office in Ventura. You can contact my supervisor, Jaime Alvarado, at 805-582-8032 for further details on that process.

Thanks,

# Exhibit 9



06/13/2016    You shall not knowingly access social networking sites including, but not limited to Facebook or MySpace over the Internet, even if you are allowed to access the Internet for work, volunteer service or school purposes.