JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BURDITT, <br><br> PLAINTIFF(S) <br> v. <br> ERIC NASARENKO et al., <br><br> DEFENDANT(S) | CASE NUMBER <br> CV 21-03386-AB (DFM) <br><br> ORDER RE REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                            United States Magistrate Judge

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

☐ Inadequate showing of indigency        ☐ District Court lacks jurisdiction
☒ Legally and/or factually patently frivolous    ☐ Immunity as to _____
☒ Other: Plaintiff's claims barred by Heck v. Humphrey, 512 US 477 (1994). See attached.

Comments:

April 30, 2021                   /s/ Douglas F. McCormick
Date                             United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED
☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  ☒ This case is hereby DISMISSED immediately.
  ☐ This case is hereby REMANDED to state court.

May 3, 2021                      _____
Date                             United States District Judge

CV-73 (08/16)                    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

<u>George Burditt v. Eric Nasarenko et al.</u>
CV 21-03386-AB (DFM)

George Burditt ("Plaintiff"), proceeding <u>pro se</u>, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. <u>See</u> Dkt. 1. Plaintiff has moved to proceed <u>in Forma Pauperis</u>. <u>See</u> Dkt. 2.

Plaintiff is on probation for an unspecified crime. <u>See</u> Dkt. 1 at 7. As part of his probation, Plaintiff is forbidden from accessing social media, such as Facebook. <u>See id.</u> On some unknown date, the Ventura County Probation Department ("Probation") took possession of Plaintiff's cell phone. <u>See id.</u> Probation accused Plaintiff of accessing Facebook. <u>See id.</u> According to Plaintiff, however, the phone was in Probation's control at the time of the alleged violation. <u>See id.</u> On May 21, 2019, Plaintiff was found guilty of violating the "no social media" term of his probation and sentenced to 90 days in Ventura County Jail. <u>See id.</u> Based on these allegations, Plaintiff brings claims for malicious prosecution, abuse of process, false imprisonment, wrongful detention, and knowingly presenting false claims. <u>See id.</u> at 7-9. Plaintiff seeks compensatory damages of $50,000 and punitive damages of $2,400,000. <u>See id.</u> at 5.

"A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998) (citation omitted); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B) (providing that court shall dismiss IFP case at any time it determines that action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation was committed by a person acting under color of state law. <u>See</u> <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

The Court recommends that IFP be denied. Civil tort actions, including § 1983 suits, are not an appropriate means to challenge the validity of outstanding criminal judgments that necessarily require a plaintiff to prove the unlawfulness of his conviction or confinement. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994). To recover damages, a § 1983 plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 487.

The Ninth Circuit has held that <u>Heck</u> applies with equal force in the context of parole and probation. <u>See</u> <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicated the validity of the denial of parole and, therefore, the prisoner's continuing confinement.") (citation omitted); <u>Baskett v. Papini</u>, 245 Fed. App'x 677, 678 (9th Cir. Aug. 21, 2007) (affirming <u>Heck</u> denial because the complaint "necessarily call[ed] into question the validity of the probation revocation" and plaintiff "failed to allege that his

1

sentence has been invalidated.") (unpublished); see also Zupan v. Brown, 5 F.Supp.2d 792, 795 (N.D. Cal. 1998) ("the Court finds that the requirements of Heck apply with equal force to parole revocations as to convictions.").

Here, Plaintiff's Complaint undermines the validity of his confinement. Plaintiff alleges that Probation knowingly presented false claims to the Ventura County District Attorney, leading Plaintiff to be falsely imprisoned for 90 days. See Dkt. 1 at 5-9. But Plaintiff does not allege that his conviction for violating probation has been invalidated. Without this allegation, Plaintiff's Complaint is barred by Heck. See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) (concluding that plaintiffs' § 1983 claims alleging no probable cause for a search were Heck barred because they necessarily implied "the invalidity of their state court convictions"); Vidal v. Lindsey, No. 19-01334, 2020 WL 819554, at *3 (D. Nev. Feb. 19, 2020) (dismissing complaint with prejudice because plaintiff's allegation that Nevada probation officers violated his Fourth Amendment rights was Heck barred).

For these reasons, Plaintiff's IFP request should be denied, and the complaint dismissed. See Minetti, 152 F.3d at 1115.